EDWARD J. McCLOSKEY, RESPONDENT, *v.* THE CITY OF ALBANY, APPELLANT.

*Municipal corporation — what acts of its officers incapable of ratification — Contract — when implied, from use of materials — Custom — acts of agents — effect of ratification of — Quantum meruit.*

APPEAL from a judgment entered upon the report of a referee, in an action brought to recover for a quantity of cord wood sold by the plaintiff to the superintendent of the alms-house belonging to the defendant. It was the duty of the defendant to supply such wood for the alms-house, but it is claimed by the defendant that the contract of the superintendent was made without the requisite authority required by the ordinances of the city authorities.

The referee found and the evidence showed a sale and delivery of the wood; the use of the wood by the alms-house; the custom of the superintendent for years to make such purchases; the knowledge of defendant, through its common council, mayor and chamberlain, of such purchases and ratifications thereof, by use of the articles purchased and payment therefor; the direction by the chairman of the alms-house committee which was the proper committee to authorize such contract to be made; a demand of payment from the chamberlain for a large part of the wood, and a refusal to pay.

The court at General Term say: " Where the act done is *ultra vires*, or in violation of positive restraining statutes, it would be void and incapable of ratification. (*Brady* v. *Mayor, etc.*, 20 N. Y., 312; Dillon on Corp., §§ 381, 749, and No. 1.) Many opinions

in such cases seem to be broad enough to control in this case, but when carefully considered there is a broad distinction.

If we should concede that the superintendent had no authority to make the contract, the action may still be maintained upon the implied contract, arising from the possession and use of the wood by the city, and from its obligation to supply wood for such use. Dillon (§ 385), says: " Implied contracts cannot be raised against a corporation where, by its charter, it can only contract in a pre-scribed way, except it be a promise for money received or property appropriated under the contract." Again (§ 385): "A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the corporate powers." It must be conceded the purchase of wood for the alms-house was within the corporate powers.

This distinction is very fully discussed in *The Harlem Gas-light Co.* v. *Mayor, etc., of New York* (3 Robt., 124; affd. in Court of Appeals, 33 N. Y., 309). It is there held that a municipal body is subject, like an individual, to liability for benefits enjoyed under an executed contract, although voidable or even void. In the Superior Court, the authorities are reviewed by Judges MONELL, MONCRIEF and ROBERTSON. In their opinion, all agree in senti-ment, though Judge ROBERTSON dissents, out of respect to a former decision of the same court. (*McSpedon* v. *Mayor,* 7. Bosw., 608.) Judge DENIO, in *Brady* v. *Mayor* (*ante*), says : " It is not necessary to deny that one who has *bona fide* performed labor under a con-tract which is void from a failure to comply with the statutes, may maintain an action against the city to recover on a *quantum meruit,* where the work has been accepted by the city and gone into use for public purposes." For similar reasons Judge PORTER says (33 N. Y., 323): " From the facts conceded, * * * the law implies a contract between the parties, which it is the duty of the court to enforce, unless the liability be one of those which the municipal authorities are disabled from incurring * * * by some statutory prohibition."

In the case under consideration, it was the duty of the defend-ant to furnish wood to the alms-house. The act was administrative in its character. It was accomplished, not, perhaps, according to the strict letter of its ordinances, but the end was attained.

Plaintiff's wood was received and burned up by the city for its corporate purposes. In any view of these facts, I think the city liable under an implied contract for the payment of the value. Any other conclusion would be equivalent to saying, our agent has broken the law in making a contract with plaintiff, and therefore we will not pay for plaintiff's property, which we have had and used under such contract. It would be taking advantage of the breach in one law to avoid liability under another.

Moreover, the original contract was valid. This course of dealing in the purchase of supplies by the superintendent had been of long continuance, and uniformly ratified by the city. Both the plaintiff and the defendant knew of such course of dealing. When we add to that the direction of the chairman of the proper committee to make the purchase, a case is made, from which the referee very properly found the superintendent authorized to make the contract. (*Wood* v. *Auburn, etc., R. R.*, 4 Seld., 160 ; *Bank of Auburn* v. *Putnam*, 1 Abb. Ct. of App. Dec., 80 ; *Exchange Bank* v. *Monteath*, 26 N. Y., 505.)

*Grenville Tremain*, for the appellant.

*Samuel Hand*, for the respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment reversed and new trial ordered, and referee discharged, costs to abide event, unless plaintiff, in twenty days from notice of this decision, stipulates to reduce judgment to $1,155.42, in which case judgment so reduced is affirmed without costs.